**In re the Petition for DISCIPLINARY ACTION AGAINST Kenneth J. KLUDT, an Attorney at Law of the State of Minnesota.**

**No. C5–91–474.**

Supreme Court of Minnesota.

April 3, 1991.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Kenneth J. Kludt has committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent committed certain trust account violations including negligent misappropriation of client funds, commingling of funds, failure to keep adequate trust account books and records, failure to remit interest to the Lawyers Trust Account Board, and falsely certifying to this court that he properly maintained his trust account books and records. Respondent did not intentionally commit these trust account violations. The negligent misappropriation resulted from three discrete bookkeeping errors and respondent's failure to make monthly reconciliations. Respondent did not become aware of the shortages until a trust account check was returned for insufficient funds, approximately 15 months after he had committed the bookkeeping errors, at which time respondent immediately placed personal funds in his trust account to cover shortages. No client or other person sustained any loss as a result of respondent's trust account shortages or commingling of funds.

Along with the petition for discipline, the Director filed a stipulation for discipline between respondent and the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and 2 years supervised probation. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Kenneth J. Kludt, hereby is publicly reprimanded and placed on supervised probation for a period of 2 years commencing with the date of this order, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the terms of the probation shall include the following:

(a) Respondent shall cooperate fully with the Director's Office in their efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date or within 10 days of the date of communication. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct against respondent which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Rules of Professional Conduct. Respondent's admission or a referee finding of further unprofessional conduct or respondent's non-cooperation with the Director shall constitute conclusive evidence of a breach of this probation.

(c) Respondent shall retain an accountant to maintain his trust account books and records in conformity with the requirements of the Rules of Professional Conduct and the Lawyers Professional Responsibility Board Amended Opinion No. 9.

608

(d) On the first day of each month, respondent shall make all books and records pertaining to his trust account available to his accountant and at least once per quarter this accountant shall submit to the Director's Office in writing a letter verifying that monthly reconciliations have been made and that all trust account records have been maintained properly in accordance with the Rules of Professional Conduct. The first such letter shall be due April 1, 1991, and shall include a review of respondent's trust account from October 1, 1990, through March 31, 1991. Thereafter, a report shall be due on the 10th day of June, October, January and April until the end of the probation. Respondent shall also make his trust account books and records available to the Director upon request.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.