**In re the Petition for DISCIPLINARY ACTION AGAINST Fred A. REITER, an Attorney at Law of the State of Minnesota.**

No. C4–91–157.

Supreme Court of Minnesota.

July 12, 1991.

### ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent Fred A. Reiter has committed professional misconduct warranting public discipline. In the petition, the Director alleged two separate counts. The first count contained allegations of trust account violations and the second count contained an allegation of non-cooperation with the Director's Office. After further investigation and discussion with the respondent, the Director withdrew the second count of the petition.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew his answer and unconditionally admitted the following allegations of the petition: that respondent commingled personal and client funds in his trust account; that respondent disbursed funds from the trust account to clients prior to the deposit of funds on their behalf; that respondent had sufficient funds of his own in the trust account to cover the disbursements to the clients; that respondent failed to maintain proper trust account books and records but falsely certified to this court that he properly maintained his books and records; that respondent failed to preserve his trust account books and records for the requisite period of time; that respondent failed to arrange for the payment of interest to his trust account and for remittance of the interest to the Lawyers Trust Account Board; and that, despite these deficiencies, all clients received all funds to which they were entitled. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and 2 years supervised probation. Respondent further agreed to the imposition and payment of $750 in costs and $80 in disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this

matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Fred A. Reiter, hereby is publicly reprimanded and placed on probation for a period of 2 years commencing with the date of this order, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the terms of respondent's probation shall be as follows:

a. Respondent shall abide by the Minnesota Rules of Professional Conduct. Respondent shall cooperate with the Director's investigation of any allegations of professional misconduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further professional misconduct shall constitute conclusive evidence of a breach of this stipulation.

b. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date or within 10 days of the date of communication. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

c. Respondent shall maintain books and records concerning law office income and expenses, and funds held on behalf of clients, in compliance with the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion No. 9. Such books and records shall, upon request, be subject to review by the Director.

d. Within 2 weeks of the date of this order, respondent shall retain a certified public accountant to review respondent's books and records and establish an accounting system to ensure that respondent is in compliance with the provisions of the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion No. 9. Within 1 month of this order, respondent shall provide to the Director written certification from the accountant that respondent's books and records are currently in compliance with the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion No. 9.

e. On the first day of each month respondent shall make all books and records pertaining to his trust account available to the certified public accountant and at least once per quarter the accountant shall submit to the Director's Office a letter verifying that monthly reconciliations have been made and that all trust account records have been maintained properly in accordance with the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion No. 9. The first such letter shall be due August 10, 1991, and shall include a review of respondent's trust account from March 1, 1990, through July 31, 1991. Thereafter, a report shall be due on the 10th day of November, February, May and August until the end of the probation.

3. That the respondent shall pay to the Director the sum of $750 in costs and $80 in disbursements, pursuant to Rule 24, Rules on Lawyers Professional Responsibility.