**In re the Petition for DISCIPLINARY ACTION AGAINST Jane E. BROOKS, an Attorney at Law of the State of Minnesota.**

No. C4–92–2422.

Supreme Court of Minnesota.

Jan. 15, 1993.

ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition with this Court alleging that the respondent Jane E. Brooks had committed professional misconduct warranting public disci-

pline. In the petition, the Director alleges that respondent failed to properly maintain client funds in trust, resulting in the misapplication of some client funds; failed to maintain proper trust account books and records; and falsely certified that she properly maintained such books and records on her attorney registration form in 1991 and 1992.

Along with the petition, the Director filed a stipulation for discipline between the parties. In the stipulation, the respondent waived all of her procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14, Rules on Lawyers Professional Responsibility. Respondent also waived her right to interpose an answer and admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and unsupervised probation for a period of 2 years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Jane E. Brooks, hereby is publicly reprimanded and placed on unsupervised probation for a period of 2 years, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That respondent's probation shall be subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor respondent's compliance with this probation and promptly respond to the Director's correspondence by the due date. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct and shall cooperate with the Director's investigation of any allegations of unprofessional conduct against respondent which may come to the Director's attention.

c. Respondent shall maintain books and records concerning funds held on behalf of clients in compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Amended Opinion No. 9. Such books and records shall be made available to the Director upon request. In addition, respondent shall provide copies of all required monthly reconciliations and trial balances to the Director's Office every 6 months for the duration of this probation.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

PAGE, J., took no part.