In re Petition for DISCIPLINARY ACTION AGAINST Richard J. HAEFELE, an Attorney at Law of the State of Minnesota.

No. C1–92–2023.

Supreme Court of Minnesota.

Dec. 10, 1993.

Marcia Johnson, Lawyers Professional Responsibility Bd., Patrick R. Burns, St. Paul, for appellant.

Richard J. Haefele, Chaska, for respondent.

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility filed a petition with this court alleging that respondent Richard J. Haefele had committed professional misconduct warranting public discipline. In the petition the Director alleged that respondent misapplied trust account funds, misappropriated and failed to pay interest that should have been paid to the Lawyers Trust Account Board, made improper interest payments to clients, and failed to keep proper books and records while certifying to this court that he had kept proper books and records.

We referred the matter to a referee for a hearing and now have before us the findings, conclusions, and recommendations of the Honorable David E. Christensen. Since neither party ordered a transcript of the hearing, these findings and conclusions of violations of the Minnesota Rules of Professional Conduct are conclusive. Rule 14(e), Rules on Lawyers Professional Responsibility. We determine the appropriate discipline to be a public reprimand and two years probation.

The referee found as follows:

1) On four occasions, between May 1990 and September 1991, respondent wrote trust account checks on behalf of four clients that exceeded the funds each client had on deposit. One of these checks exceeded the entire amount in the trust account, resulting in an overdraft;

2) Respondent misappropriated $1,214.41 of interest earned on the trust account, paying that interest to himself instead of to the Lawyers Trust Account Board;

3) On two occasions, respondent paid to or on behalf of clients interest earned on the pooled trust account funds without a subac-

counting to determine how much each client should receive; and

4) Respondent failed to keep proper books and records yet certified to this court that he had kept proper books and records.

The referee concluded that respondent's conduct violated Minnesota Rules of Professional Conduct 1.15(b), (d), (g), (h) and 8.4(c) and Lawyers Professional Responsibility Review Board Amended Opinion No. 9. Respondent admitted the violations, but claimed the acts were unintentional, isolated, and unharmful and thus did not rise to the level of public discipline.

The referee acknowledged that respondent had admitted the violations and fully cooperated with the Board, but followed *In re Brooks,* 494 N.W.2d 876 (Minn.1993), *In re Reiter,* 472 N.W.2d 316 (Minn.1991), and *In re Kludt,* 467 N.W.2d 606 (Minn.1991) in recommending a public reprimand and two years probation.

Respondent was admitted to the practice of law in 1973 and currently practices in Chaska, Minnesota. In 1986 respondent was involved in business deals with a real estate broker and developer. This disciplinary action appears to have arisen out of acrimony attendant on that relationship and the resultant lawsuits, but is not otherwise related to it.

■ The only issue before us is the appropriate discipline to be imposed. The purposes of attorney discipline are to protect the courts, the legal profession, and the public, to guard the administration of justice, and to deter similar misconduct. *In re Isaacs,* 451 N.W.2d 209, 211 (Minn.1990). In determining the appropriate discipline, this court considers the nature of the misconduct, the cumulative weight of the rule violations, the harm to the public, and the harm to the legal profession. *In re Levenstein,* 438 N.W.2d 665, 668 (Minn.1989).

The administration of justice and the legal profession have suffered as a result of respondent's conduct. And, while it appears that none of respondent's clients have been harmed by his conduct, the public was deprived of some legal services for indigents for a period of time when respondent failed to send trust fund interest to the Lawyers Trust Account Board. The fact that respondent later repaid this interest does not diminish the seriousness of the initial misconduct.

Respondent complains about unfairness in the administration of the Rules on Lawyers Professional Responsibility. He points to the immediate and thorough investigation of the complaint filed against him by the lawyer from a large Minneapolis law firm, who represented the broker in the prior lawsuits against respondent, and compares that prompt investigation to the summary dismissal of the several detailed complaints he filed against the complaining lawyer. Under Rule 8(a), RLPR, however, the Director has discretion to investigate the complaints the Director "deems appropriate," and there are guidelines to assist the Director in making that determination. If a complainant is dissatisfied with the Director's decision, Rule 8(e), RLPR sets out an appeal procedure. There is no evidence that respondent used this procedure.

Finally, even if the court were disposed to have given respondent a private admonition, it is not now possible. This matter is public and the referee's findings indicate that some discipline is warranted. While we are not obliged to accept the referee's recommendation for discipline, *In re Brooks, In re Kludt,* and *In re Reiter,* support a public reprimand and two years probation.

The court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the respondent's arguments, NOW ORDERS that the respondent, Richard J. Haefele, hereby is publicly reprimanded and pursuant to Rule 15(a)(4) of the Rules on Lawyers Professional Responsibility, is placed on probation for a period of 2 years, commencing with the date of this order.