In re Petition for DISCIPLINARY AC-
TION AGAINST Harlan P. KLEIN, an
Attorney at Law of the State of
Minnesota.

No. C5–88–1968.

Supreme Court of Minnesota.

April 20, 2000.

Edward J. Cleary, Director, Candice M. Hojan, Senior Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, for petitioner.

Harlan P. Klein, Barnes, WI, for respondent.

## OPINION

PER CURIAM.

Respondent Harlan P. Klein has been licensed to practice law in Minnesota since 1973. The Director of the Office of Lawyers Professional Responsibility (Director) filed a petition for disciplinary action against Klein on December 18, 1998, alleging several instances of professional misconduct. The Director alleged violations that included misrepresenting continuing legal education (CLE) attendance in affidavits to the Director, failing to deposit client funds into a trust account, client neglect and lack of communication with clients. We appointed the Honorable Peter A. Hoff as referee and respondent filed an answer to the charges on January 4, 1999. Respondent then appeared pro se at the referee's hearing on August 2 and 3, 1999. The referee issued findings of fact and conclusions of law on August 23, 1999, and recommended that respondent be indefinitely suspended with no opportunity to apply for reinstatement for at least two years. The Director filed a brief on December 8, 1999, in which he agreed with the referee's recommendation. Respondent did not file a brief or appear at oral argument.

Klein has a disciplinary record dating back to 1983, when he received an admonition for failing to pay a judgment against him for a court reporter's bill. *See In re Klein*, 442 N.W.2d 317, 318 (Minn.1989). In 1986, Klein was admonished for assisting a client in creating "a wage assignment as a subterfuge to avoid" paying court-ordered child support. *See id.* In 1988

the Director filed a petition alleging that Klein misrepresented facts to both the district court and opposing counsel, and filed fraudulently notarized documents with the court. *See id.* at 320. We suspended Klein indefinitely with the opportunity to apply for reinstatement after six months. *See id.* at 322. On October 10, 1989, Klein and the Director agreed to a third admonition for Klein's conduct in failing to communicate with clients, failing to file an appeal for a client, and failing to cooperate with the Director's new investigation. Klein was reinstated to practice on March 4, 1991. *See In re Klein*, 465 N.W.2d 920 (Minn.1991).

The conduct at issue in this petition began in 1993 when David Ritt retained Klein to reduce child support payments in Ramsey and Dakota Counties. Although Klein did some work on Ritt's case, he did not file a motion to reduce payments. In March of 1995, Ritt filed a motion pro se in Dakota County to reduce his payments. Klein subsequently attended a motion hearing in June of 1995 where Ritt's payments were temporarily reduced. The Dakota County District Court directed Klein to file a motion by December 1995 to reduce Ritt's Ramsey County support payments. Klein did not comply with that directive. Based upon the inaction in Ramsey County, Dakota County increased Ritt's child support payments in February 1996. In April 1996, Klein finally filed a motion to reduce payments in Ramsey County. This neglect of Ritt's case violated Rule 1.3 of the Minnesota Rules of Professional Conduct (MRPC), which requires a lawyer to "act with reasonable diligence and promptness in representing a client."

In 1994, Klein scheduled a hearing for client David Jack on a child support cost-of-living adjustment motion. Klein neither informed Jack of the hearing nor attended the motion hearing himself. After the nonattendance at the July 6, 1994, hearing, the court increased Jack's child support

payments. It was not until March 1996, after Jack filed a complaint with the Director, that Klein filed a motion to reduce the child support payments. This conduct violated Rules 1.3 and 1.4(a), MRPC, the latter requiring a lawyer to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Klein also violated Rule 3.2, MRPC, which requires a lawyer to "make reasonable efforts to expedite litigation consistent with the interests of the client."

In September 1996, Klein deposited a $2,000 check from North Star Transport, made payable to his client Jeff Trapp, into Klein's own business account. Klein distributed funds ($1,450) to Trapp after deducting attorney fees, but Klein did not use his trust account for this transaction. In October 1996, Klein deposited funds into his business account, instead of his client trust account, from checks received per a settlement agreement on behalf of client John Richardson. This conduct violated Rule 1.15(a), MRPC, which requires that "[a]ll funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable interest bearing trust accounts."

On September 3, 1996, Klein filed an affidavit stating that he had attended the required number of CLE hours for the reporting period ending in June 1996. In August 1997, a complaint was filed with the Director alleging that Klein misrepresented his CLE attendance. The Director investigated and determined that Klein misrepresented attendance at five Minnesota CLE (MCLE) events.

On December 17, 1997, Klein supplied a sworn statement to the Director in which he maintained that he had attended the CLE events. Klein asserted that MCLE waived registration and fees for the seminars. MCLE records indicate Klein did not attend the events. This conduct violated Rule 8.1(a)(1), MRPC, prohibiting a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter; Rule 8.4(c), MRPC, making it professional misconduct for a lawyer to engage in dishonest conduct; and Rule 8.4(d), MRPC, making it professional misconduct for a lawyer to engage in conduct prejudicial to the administration of justice.

■ The Director filed a petition for disciplinary action on December 18, 1998. Klein filed his answer on January 4, 1999. Klein attended the August 2–3, 1999, hearing and testified on his own behalf. Klein stated he had attended the CLE seminars but failed to retain course materials or register for the classes. Klein explained that the neglect of client Jack was a misunderstanding with Jack but admitted he did not attend the July 1994 hearing that he had scheduled. Klein stated that client Ritt did not retain him for direct representation but instead only to explore Ritt's options regarding support payments. Finally, Klein stated he deposited client funds into his business account for the convenience of his clients. Because the allegations of the petition are deemed conclusive, we only address the appropriate discipline. *See* Rule 14(e), Rules on Lawyers Professional Responsibility (RLPR); *In re Klein,* 442 N.W.2d 317, 317 (Minn. 1989).

■ The purpose of sanctions is to protect the public and to deter future misconduct. *See In re Klein,* 442 N.W.2d at 320. In considering appropriate sanctions for attorney misconduct, we consider the following factors: the nature of the misconduct, the cumulative weight of disciplinary violations, the harm to the public, and the harm to the legal profession. *See id.* at 320–21. We look to similar cases to assist us in determining proper discipline for attorney misconduct. *See In re Sigler,* 512 N.W.2d 899, 901 (Minn.1994). Because each case has a unique factual setting, prior case law is helpful "only through analogy and the facts of each individual case must be carefully examined." *In re Boyd,* 430 N.W.2d 663, 665 (Minn. 1988) (citations omitted).

In determining the proper discipline, we afford great weight to the referee's recommendation, but we retain ultimate responsibility for determining the proper discipline. *See In re Moeller*, 582 N.W.2d 554, 560 (Minn.1998). Both the Director and the referee recommend a minimum two-year suspension from the practice of law based upon respondent's misconduct and lack of remorse.

We have warned the bar of the importance of honest conduct and of the severity of the sanction to be imposed for dishonest conduct. *See, e.g., In re Ruffenach*, 486 N.W.2d 387, 391 (Minn.1992) ("Honesty and integrity are chief among the virtues the public has a right to expect of lawyers. Any breach of that trust is misconduct of the highest order and warrants severe discipline.").

Where the intentional misrepresentations have risen to the level of a pattern of dishonesty or deceit, we have given very long suspensions and even disbarred attorneys. *See, e.g., Moeller*, 582 N.W.2d at 560 (attorney disbarred); *In re LaChapelle*, 491 N.W.2d 17, 21 (Minn.1992) (attorney disbarred). In *LaChapelle*, the attorney was disbarred for: failing to maintain and supervise trust accounts; intentional misappropriation of client funds; and misrepresentation to the Ethics Committee and the Supreme Court regarding the funds. *See* 491 N.W.2d at 18–19.

We have emphasized that "[t]he maintenance of proper trust account records is vital to the practice of the legal profession, since it serves to protect the client and avoid even the appearance of professional impropriety." *In re Beal*, 374 N.W.2d 715, 716 (Minn.1985). Although isolated trust fund violations have been addressed with admonitions, in *In re Isaacs* we ordered an attorney disbarred for his repeated and continuing violations of the trust fund account rules, where the violations were coupled with the attorney's dishonesty during the discipline investigation. *See* 451 N.W.2d 209, 212 (Minn.1990).

Similarly, we recently stated that in examining "our prior discipline cases, we have decided that an attorney's pattern of neglect and failure to communicate with clients coupled with a failure to cooperate in the disciplinary investigation or proceedings typically warrants an indefinite suspension." *In re Orren*, 590 N.W.2d 127, 129 (Minn.1999). Although Klein participated in the disciplinary investigation, the referee found that during the hearing Klein continued to misrepresent his attendance at CLE seminars. Klein neither filed a brief with this court nor appeared at oral argument.

The Director characterizes Klein's conduct in repeatedly lying to the Director, the CLE Board and the referee about CLE attendance as "without precedent." Aggravating Klein's misconduct is the fact that he has already been disciplined with suspension since his admission to the bar and been admonished three times. We have said that "it is the general rule that the discipline to be imposed must be reviewed in light of the earlier misconduct." *In re Getty*, 452 N.W.2d 694, 698 (Minn. 1990). Furthermore, "[o]nce disciplined, this court expects a renewed commitment to comprehensive ethical and professional behavior from attorneys." *In re Jensen*, 542 N.W.2d 627, 632 (Minn.1996). We have also said that the similarity of misconduct is evidence of a lack of renewed commitment. *See In re Haugen*, 543 N.W.2d 372, 375 (Minn.1996).

In considering mitigating factors in assessing discipline, we look for "an appreciation by [the attorney] of the harm he has caused others and evidence that he considers himself obligated to conform to the canons of ethics." *In re Franke*, 345 N.W.2d 224, 229 (Minn.1984). Also relevant are "cooperation with the investigation of the misconduct, the lack of any attempt to conceal the misconduct, and the attorney's attempts to ameliorate the problem(s)." *In re Singer*, 541 N.W.2d 313, 316 (Minn.1996).

Klein showed neither remorse nor truthful cooperation with the Director in the

investigation. The referee found no mitigating factors in this case and Klein chose not to participate beyond the referee's hearing. Klein was previously suspended for misrepresenting facts to the court and filing fraudulent documents. This suspension began in 1989 and ended in 1991. Klein also has three prior admonitions from the Director. Klein's current misconduct occurred from 1993 through 1996.

▮ In reaching the appropriate discipline determination, we are mindful of Klein's pattern of repeated instances of dishonesty and client neglect in both his past discipline and the conduct before us today. Based upon Klein's prior admonitions and suspension for similar professional misconduct, we agree with the referee and the request by the Director that Klein should be indefinitely suspended with leave to reapply for active status in two years. We therefore order that Harlan P. Klein:

1. Be indefinitely suspended from the practice of law pursuant to Rule 15(a)(2), RLPR, with no right to apply for reinstatement for a period of two years; and

2. Comply fully with the requirements of Rule 18, RLPR, should he apply for reinstatement; and

3. Pay to the Director appropriate costs and disbursements pursuant to Rule 24, RLPR.

Indefinite suspension ordered.