In re Petition for DISCIPLINARY AC-
TION AGAINST Steve C. SAMBOR-
SKI, an Attorney at Law of the State
of Minnesota.

No. C0–00–1380.

Supreme Court of Minnesota.

May 23, 2002.

Steve C. Samborski, pro se respondent.

Edward J. Cleary, Director, Mary L. Galvin, Asst. Director, Office of Lawyers Professional Responsibility, St. Paul, MN, for petitioner.

## OPINION

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility filed three petitions for disciplinary action against Steve C. Samborski. The first sought public discipline and the next two sought disbarment. Samborski was personally served with all three petitions, but answered none of them. The director moved for summary relief and we deemed the allegations contained in the three petitions admitted pursuant to Rule 13(b), Rules of Lawyers Professional Responsibility (RLPR). We conclude that the facts and circumstances of this case warrant disbarment.

Samborski was admitted to the practice of law in Minnesota in 1989. His disciplinary history consists of an admonition issued in 1998 for refusing to pay a 1991 judgment against him until after the judgment debtor filed an ethics complaint.

Samborski failed to appear at an August 7, 2000, panel hearing. The next day, Samborski was personally served a petition for disciplinary action. The petition contains seven counts of professional misconduct, alleging violations of Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 1.5(a), 1.5(b), 1.15(a), 1.16(a)(3), 3.2, 3.3(a)(1), 3.4(c), 3.4(d), 4.1, 4.4, 8.1(a)(1), 8.1(a)(3), 8.4(a), 8.4(c), and 8.4(d), and Lawyers Professional Responsibility Board Opinions 13 and 15. Samborski did not answer the petition.

On August 8, 2000, the director and Samborski entered into a stipulation for Samborski's temporary suspension from the practice of law. Later that month, we ordered that Samborski be temporarily suspended from the practice of law in Minnesota.

On December 6, 2000, the director filed a supplementary petition for disciplinary action against Samborski. The supplementary petition contains 19 additional counts of professional misconduct, alleging violations of Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 1.5(a), 1.5(b), 1.5(c), 1.8(a) (1998), 1.15(a), 1.15(b), 1.15(c), 1.16(d), 4.1, 8.1(a)(3), 8.4(b), 8.4(c), and 8.4(d), and Lawyers Professional Responsibility Board Opinions 13 and 15. Samborski was personally served with the supplementary petition on January 2, 2001, but did not answer it.

In early 2001, Samborski participated in chemical dependency treatment programs. On January 17, 2001, St. Joseph's Medical Center admitted Samborski to its inpatient chemical dependency program. Samborski's stay was to last from 14 to 21 days. Three days after his admission, the center discharged him at staff request. A few days later, the Brainerd Human Services Center admitted Samborski to its inpatient chemical dependency program. Samborski left the program on January 26, 2001, returned on January 29, 2001, left again on February 2, 2001, returned on February 5, 2001, and was pursuing outpatient treatment as of February 7, 2001.

On February 22, 2001, the director requested independent confirmation of Samborski's participation in the outpatient treatment program and asked him to authorize the release of his medical information. Samborski never returned the release form.

On June 29, 2001, Samborski was personally served with a second supplementary petition for disciplinary action at Hazelden, a treatment center for those addicted to alcohol and other drugs. The second supplementary petition contains one additional count of professional misconduct, alleging violations of Minn. R. Prof. Conduct 8.4(b), 8.4(c), and 8.4(d). Samborski did not answer the second supplementary petition.

The director moved for summary relief after Samborski failed to answer the three petitions. We deemed the allegations contained in the petitions admitted pursuant to Rule 13(b), RLPR, and requested written disciplinary proposals. The director recommended disbarment. Instead of a disciplinary proposal, Samborski filed a letter that described his treatment for alcoholism and explained how a prescription medication exacerbated his alcoholism.

Samborski engaged in a wide variety of professional misconduct. The three petitions illustrate his routine and harmful misuse of his attorney license, flagrant non-cooperation with the director, and criminal conduct. While representing his clients, he violated several Rules of Professional Conduct by failing to provide competent representation in violation of Rule 1.1; failing to act with reasonable diligence in violation of Rule 1.3; failing to keep his clients informed in violation of Rule 1.4; charging unreasonable fees in violation of Rule 1.5(a); failing to communicate the basis of his fees in violation of Rule 1.5(b); failing to put a contingent fee agreement in writing in violation of Rule 1.5(c); entering into a business transaction with a client in violation of Rule 1.8(a) (1998); failing to deposit client funds into a trust account in violation of Rule 1.15(a); failing to provide an accounting of fees and expenses in violation of Rule 1.15(b); failing to maintain records of client funds in violation of Rule 1.15(c); failing to withdraw from representation of a client when discharged in violation of Rule 1.16(a)(3); failing to protect his clients' interests upon termination in violation of Rule 1.16(d); failing to expedite litigation in violation of Rule 3.2; making false statements of fact to a tribunal in violation of Rule 3.3(a)(1); disobeying an obligation under the rules of a tribunal in violation of Rule 3.4(c); making frivolous discovery requests in violation of Rule 3.4(d); making false statements of fact or law in violation of Rule 4.1; failing to respect the rights of third parties in violation of Rule 4.4; making a false statement of material fact in connection with a disciplinary matter in violation of Rule 8.1(a)(1); failing to respond to a disciplinary authority's request for information in violation of Rule 8.1(a)(3); and committing professional misconduct in violation of Rule 8.4(a)-(d).

Samborski misappropriated client funds, neglected client matters, and attempted to conceal the misappropriation and neglect. Samborski repeatedly accepted fees without depositing them into a trust account, failed to perform the work for which he was paid, charged clients for expenses he did not incur, refused to return unearned fees, and failed to provide clients with an accounting of fees and expenses. He failed to communicate with clients and failed to pursue client matters diligently. On many occasions, he attempted to conceal his dereliction by lying to clients about what he had done for them. For example, Samborski told a client that he had initiated a lawsuit and had obtained a judgment when in fact he had never served or filed a complaint on the client's behalf. Samborski gave another client a document to establish that he had served a complaint on opposing parties. In fact, Samborski had not served the opposing parties nor had he filed the complaint. In another matter, Samborski told clients that he would appeal from an adverse judgment. Over three years after the judgment, he told the clients that they had won their appeal when the fact of the matter was that he had not filed an appeal at all.

Samborski's misconduct harmed his clients. For example, default judgments were rendered against some of his clients. Another client's claim was dismissed with prejudice. Yet another client's appeal was

dismissed because Samborski failed to file it on time. Samborski repeatedly ignored requests to return client materials. He disregarded clients' repeated attempts to discharge him, failing to withdraw from the representations. He even told one client that she could not fire him.

In addition to misappropriating client funds and neglecting his clients, Samborski failed to cooperate with the disciplinary process. Samborski failed to respond to 12 notices of investigation forwarded to him by the director and failed to timely respond to an additional five. Samborski made false statements to the director in the course of the director's investigation. Samborski failed to appear at the panel hearing and did not answer the three petitions for disciplinary action.

Samborski engaged in criminal conduct. He pleaded guilty to theft in Hennepin County, to giving false information to a police officer in Cass County, and to interference with a 911 call in Carver County. Samborski also faced criminal charges in Hennepin, Crow Wing, Morrison, and Carver Counties. The charges against Samborski included theft, robbery, forgery, felony terroristic threats, and assault.[1] His failure to appear at several hearings led to the issuance of warrants for his arrest.

Finally, Samborski did not pay a court reporter and failed to satisfy a judgment obtained by the court reporter. He also failed to satisfy sanctions imposed on him for discovery abuses.

■ As we have noted, we deemed the allegations contained in the petitions admitted pursuant to Rule 13(b), RLPR, because Samborski did not answer them. Thus, the only issue before us is the appropriate discipline to impose. *In re Geiger,*

621 N.W.2d 16, 22 (Minn.2001); *In re Stockman,* 502 N.W.2d 209, 211 (Minn. 1993).

■ We impose attorney discipline to protect the courts, the legal profession, and the public, to guard the administration of justice, and to deter similar misconduct. *In re Terrazas,* 581 N.W.2d 841, 845 (Minn.1998); *In re Isaacs,* 451 N.W.2d 209, 211 (Minn.1990). The purpose of attorney discipline is not to punish the attorney. *In re Kaszynski,* 620 N.W.2d 708, 713 (Minn.2001); *In re Carey,* 380 N.W.2d 806, 809 (Minn.1986). To determine the appropriate discipline, we consider: (1) the nature of the misconduct; (2) the cumulative weight of the violations; (3) the harm to the public; and (4) the harm to the legal profession. *Geiger,* 621 N.W.2d at 22; *In re Rockne,* 375 N.W.2d 28, 30 (Minn.1985). In addition, we consider any aggravating or mitigating factors. *In re Bergstrom,* 562 N.W.2d 674, 677 (Minn.1997); *Isaacs,* 451 N.W.2d at 211. Although prior cases are useful by way of analogy, the appropriate discipline depends on the specific facts of each case. *In re Campbell,* 603 N.W.2d 128, 132 (Minn.1999); *Isaacs,* 451 N.W.2d at 211.

■ We first consider the nature of Samborski's misconduct. Samborski misappropriated client funds, neglected client matters, made false statements to conceal the misappropriations and neglect, failed to cooperate with the director's investigations, engaged in criminal conduct, failed to pay a court reporter and to satisfy the court reporter's judgment, and failed to satisfy court-imposed sanctions. Samborski demonstrated a marked disregard for his clients, the courts, the legal profession, and the public.

---

**1.** The record does not reveal whether, or how, the charges against Samborski were resolved. Because Samborski failed to answer the sec-

ond supplementary petition for disciplinary action, which described the charges, the charges are deemed admitted.

Disbarment is the usual discipline for misappropriation of client funds unless the attorney presents clear and convincing evidence of substantial mitigating circumstances that show the attorney did not intentionally convert the funds. *In re Olson,* 577 N.W.2d 218, 220–21 (Minn. 1998); *In re LaChapelle,* 491 N.W.2d 17, 21 (Minn.1992). An attorney misappropriates client funds whenever the funds are not kept in trust and are used for a purpose other than one specified by the client. *Olson,* 577 N.W.2d at 220; *Isaacs,* 451 N.W.2d at 211. Samborski misappropriated thousands of dollars from his clients. He charged clients for services he did not perform and for costs he did not incur. He failed to deposit client funds into trust accounts. Many clients did not receive an accounting of fees and expenses. He failed to refund fees. Samborski did not offer any evidence of mitigating circumstances. Samborski's misappropriation supports disbarment.

In addition to misappropriating client funds, Samborski made misrepresentations and gave false documents to clients to conceal the misappropriation. Samborski's dishonesty after his misappropriation further supports disbarment. *See, e.g., In re Randall,* 562 N.W.2d 679, 683 (Minn. 1997).

Samborski also neglected client matters, failed to communicate with clients, and made false statements to conceal his neglect. While repeated neglect of client matters, misrepresentations, and failure to communicate with clients typically warrant indefinite suspension, disbarment is appropriate in extreme cases. *In re Walker,* 461 N.W.2d 219, 222 (Minn. 1990). Samborski neglected the matters of 22 clients, often taking no action at all on behalf of his clients. He failed to communicate with his clients and filed documents late. He failed to return client materials. He made false statements to conceal his neglect. We conclude that Samborski's case is extreme, thus providing further support for disbarment.

Samborski also failed to cooperate with the director's investigation. An attorney has a duty to cooperate with disciplinary authorities in the investigation of client complaints. Minn. R. Prof. Conduct 8.1(a)(3); Rule 25, RLPR. By itself, noncooperation with the disciplinary process may warrant indefinite suspension. *In re Davis,* 585 N.W.2d 373, 377 (Minn.1998). In connection with other misconduct, noncooperation increases the severity of the disciplinary sanction. *Id.* at 378. Samborski failed to respond to 12 notices of investigation and responded late to an additional five. He made false statements to the director, did not appear at the panel hearing, and did not answer the three petitions for disciplinary action. In connection with his other serious misconduct, Samborski's failure to cooperate with the disciplinary process further supports disbarment.

Samborski also engaged in criminal conduct. An attorney commits professional misconduct by committing "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Minn. R. Prof. Conduct 8.4(b). "[A] lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to the practice of law." Minn. R. Prof. Conduct 8.4, cmt. We need not await a conviction to discipline an attorney for criminal acts. *In re Gurstel,* 540 N.W.2d 838, 841 (Minn.1995); *In re Hanratty,* 277 N.W.2d 373, 375 (Minn.1979). The American Bar Association generally considers disbarment appropriate when "a lawyer engages in serious criminal conduct a necessary element of which includes * * * false swearing, misrepresentation, fraud, extortion, misappro-

priation, or theft." Am. Bar Ass'n, *Standards for Imposing Lawyer Sanctions* 5.11(a) (1992). Samborski pleaded guilty to theft, interference with a 911 call, and giving false information to a police officer. In addition, he was charged with theft, robbery, forgery, felony terroristic threats, and assault. The charges against Samborski, described in the unanswered second supplementary petition for disciplinary action and thus deemed admitted for purposes of this case, and his guilty pleas reflect adversely on his honesty, trustworthiness, and fitness as a lawyer, providing further support for disbarment.

Samborski failed to pay a court reporter and to satisfy the court reporter's judgment. Failure to pay a court reporter constitutes conduct that is prejudicial to the administration of justice in violation of Minn. R. Prof. Conduct 8.4(d). *In re Reiter*, 567 N.W.2d 699, 701–02 (Minn.1997). Samborski's failure to satisfy the judgment warrants discipline. *In re Pottenger*, 567 N.W.2d 713, 716–17 (Minn.1997).

Samborski failed to satisfy sanctions imposed for his discovery practices. "[W]e have disciplined attorneys for discovery violations and for failing to comply with court orders." *In re Thedens*, 602 N.W.2d 863, 866 (Minn.1999).

We turn our attention to the cumulative weight of Samborski's violations. "Even where no single act of misconduct standing alone warrants severe public discipline, the cumulative weight and severity of multiple disciplinary rule violations may compel such discipline." *Geiger*, 621 N.W.2d at 23; *see Isaacs*, 451 N.W.2d at 212. Considered in isolation, many of Samborski's violations warrant disbarment. Collectively, they compel it.

Next, we consider the harm to the public and to the legal profession caused by Samborski's misconduct. Samborski misappro-priated thousands of dollars from his clients and his neglect and failure to communicate adversely affected his clients. He made false statements to conceal his misappropriation and neglect, undermining the public's trust and confidence in the legal profession. *In re Shaughnessy*, 467 N.W.2d 620, 621 (Minn.1991). His failure to appear to face numerous criminal charges delayed the administration of justice. Samborski's misconduct harmed his clients, the public, and the legal profession.

Finally, we turn to Samborski's assertion that he is an alcoholic. "[A]lcoholism itself is not a defense to misconduct." *In re Anderley*, 481 N.W.2d 366, 370 (Minn.1992). For alcoholism to qualify as a mitigating factor, "the attorney must prove by clear and convincing evidence that (1) he is affected by alcoholism, (2) the alcoholism caused the misconduct, (3) he is recovering from alcoholism, (4) the recovery has arrested the misconduct, and (5) the misconduct is not apt to recur." *Id.*; *see In re Johnson*, 322 N.W.2d 616, 618 (Minn.1982).

It appears that Samborski has received treatment for alcoholism. Although Samborski thwarted the director's attempt to confirm Samborski's alcoholism and treatment by failing to release his medical records, the record reflects that Samborski participated in chemical dependency programs at St. Joseph's Medical Center and the Brainerd Human Services Center in early 2001. In addition, the second supplementary petition was served on Samborski at Hazelden. Ultimately, we need not decide whether Samborski established his alcoholism by clear and convincing evidence because he failed to submit any evidence to prove that his alcoholism caused the misconduct, that he is recovering from alcoholism, that the recovery arrested his misconduct, and that his misconduct is not apt to recur. Consequently,

Samborski failed to establish alcoholism as a mitigating factor.

To protect the courts, the legal profession, and the public, to guard the administration of justice, and to deter similar misconduct, Steve C. Samborski is disbarred from the practice of law in Minnesota, effective immediately.

Disbarred.