**In re Petition for DISCIPLINARY ACTION AGAINST Jane E. BROOKS, a Minnesota Attorney, Registration No. 171499.**

No. A04–1896.

Supreme Court of Minnesota.

May 19, 2005.

---

Kenneth L. Jorgensen, Director, Thomas Ford Ascher, Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, MN, for Appellant.

Jane E. Brooks, Roseville, MN, for Respondent.

## OPINION

PER CURIAM.

This attorney discipline action arose from a petition filed by the Director of the Office of Lawyers Professional Responsibility alleging that respondent Jane E. Brooks violated Minn. R. Prof. Conduct (MRPC) 1.3, 1.4, 1.15(a), 1.16(d), 8.1(a)(3), and 8.4(c)-(d); Rule 25, Rules on Lawyers Professional Responsibility (RLPR); and Lawyers Professional Responsibility Board Opinion Nos. 9 and 12. Because Brooks has failed to respond to the petition or to cooperate with the investigation despite the Director's repeated efforts, we granted the Director's motion, under Rule 13(b), RLPR, that the allegations be deemed admitted; the only issue before us is the appropriate discipline to impose. We agree with the Director's recommendation and order that Brooks be suspended from the practice of law for a minimum of two years, with conditions for reinstatement as set forth in Rule 18, RLPR.[1]

The allegations in the petition were based on two client complaints and a notice of an overdraft on Brooks's client trust account. The first client complaint arose from Brooks's agreement, in May 2003, to represent a client in a civil dispute involving the client's business. The client paid Brooks $1,000 in attorney fees and $250 for a filing fee. Brooks filed the summons and complaint, but she did not file an executed affidavit the client had provided for a motion in connection with the action or take any further action on the lawsuit. The client attempted, unsuccessfully, to contact Brooks multiple times over several months in 2003. The last time the client heard from Brooks was September 2003. Brooks returned only some of the client's file materials. The client eventually settled the dispute involved in the lawsuit on his own.

The second client complaint arose from Brooks's agreement, in April 2002, to represent a client in a bankruptcy, which Brooks never filed. By February 2003, the client had paid Brooks $300 for attorney fees and $200 for a filing fee. Brooks deposited the $200 for the filing fee in her client trust account. From November 2003 through March 2004, the client made numerous attempts to contact Brooks, but Brooks never responded. Nor has Brooks returned the client's file or the $200 filing fee.

The last incident of misconduct involves Brooks's client trust account, which had a negative balance between December 30, 2003, and January 16, 2004, and again after January 27, 2004. The bank holding the client trust account notified the Director of the overdrafts in January 2004, pursuant to MRPC 1.15(j)-(o). The bank closed Brooks's client trust account in May 2004, with a negative balance of $470.89.

---

1. Rule 18, RLPR, provides that unless this court orders otherwise, this court shall hold a hearing to consider the petition of an attorney seeking reinstatement. Rule 18 also contains other requirements that an attorney seeking reinstatement must complete, unless this court specifically waives those requirements.

The Director obtained bank statements from mid-November 2003 through mid-May 2004, which indicate that Brooks used her client trust account as a general business and a personal account.

The Director asked Brooks to provide a response for each of these three incidents of misconduct. In late 2003, Brooks faxed a response to the first client complaint explaining that her father had died and that she needed to assist her mother, who lived outside of Minnesota. In her response, Brooks did not address the complaint's allegations and the documents that she attached were incomplete and disorganized. Brooks has otherwise failed to respond or cooperate. She has also failed to pay her attorney registration fee and has been suspended for fee nonpayment since January 1, 2004.

■ Alleging that Brooks has committed professional misconduct warranting public discipline, the Director charged Brooks for (1) neglecting client matters, failing to communicate with clients, and failing to return clients' files in violation of MRPC 1.3, 1.4, and 1.16(d); (2) converting the $200 filing fee to her own use in violation of MRPC 1.15(a), 8.4(c)-(d); (3) failing to properly maintain her trust account in violation of MRPC 1.15(a) and 8.4(d) and Lawyers Professional Responsibility Board Opinion Nos. 9 and 12; and (4) failing to cooperate with the disciplinary investigation in violation of MRPC 8.1(a)(3) and Rule 25, RLPR.

The Director served the charges on Brooks and informed her that her appearance was required at a prehearing meeting, which Brooks failed to attend. The Director then made a motion to the Panel Chair to file a petition for disciplinary action under Rule 12, RLPR, which the Panel Chair authorized. The petition for disciplinary action was personally served on Brooks, but she again failed to respond.

The Director moved for summary relief requesting that the allegations in the petition be deemed admitted based on Brooks's failure to respond to the petition for disciplinary action. We granted the motion and allowed the parties to submit written proposals regarding the appropriate discipline to be imposed.

Brooks has been licensed to practice law in Minnesota since December 6, 1985, and has been disciplined on five prior occasions. Three of the disciplinary actions involved trust account violations. In January 1993, Brooks was publicly reprimanded and placed on unsupervised probation for two years for failing to properly maintain client funds in trust, resulting in the misapplication of client funds; failing to maintain proper trust account books and records; and falsely certifying that she properly maintained such books and records on her 1991 and 1992 attorney registration forms. *In re Brooks*, 494 N.W.2d 876, 877 (Minn.1993). In February 1995, this probation period was extended two years because of continuing trust account violations. *In re Brooks*, 527 N.W.2d 834, 834 (Minn.1995). In March 1993, Brooks also received an admonition for issuing checks on a closed business account, failing to notify the check recipient that the account had been closed, and failing to cooperate in the investigation of the complaint. For other misconduct, Brooks received an admonition in 1996 for concurrently representing a husband and wife in a divorce proceeding. In 2003, Brooks received an admonition for failing to communicate adequately with a client, failing to act promptly to recover a client's bond, and failing to provide the client with his complete file.

■ In considering a petition for attorney discipline, we have the ultimate responsibility for determining the appropriate sanction. *In re Oberhauser*, 679 N.W.2d 153, 159 (Minn.2004). "The pur-

poses of disciplinary sanctions for professional misconduct are to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys." *Id.*

We consider four factors when determining the appropriate sanction: (1) the nature of the misconduct, (2) the cumulative weight of the violations of the rules of professional conduct, (3) the harm to the public, and (4) the harm to the legal profession. *Id.* We impose disciplinary sanctions on a case-by-case basis, considering the specific acts of misconduct and any aggravating or mitigating circumstances, while looking to similar cases for guidance. *In re Perez,* 688 N.W.2d 562, 567 (Minn. 2004).

A continuing pattern of client neglect is serious misconduct often warranting indefinite suspension by itself when no evidence of mitigating circumstances is present. *In re Cutting,* 671 N.W.2d 173, 174 (Minn.2003). We have also considered whether the neglect has hurt the clients financially. *See id.* at 174–75.

We take trust account violations seriously and have warned that misuse of trust accounts will "almost invariably result in lengthy suspension at the very least." *In re Lochow,* 469 N.W.2d 91, 98 (Minn.1991). We are particularly concerned when the attorney misappropriates client funds and will often disbar an attorney for misappropriation unless the attorney presents clear and convincing evidence of substantial mitigating circumstances showing that the attorney did not intentionally convert the funds. *In re Graham,* 609 N.W.2d 894, 896 (Minn.2000). An attorney misappropriates client funds whenever the funds are not kept in trust and are used for a purpose other than one specified by the client. *In re Samborski,* 644 N.W.2d 402, 407 (Minn.2002).

Failure to cooperate with the disciplinary process constitutes separate misconduct warranting discipline independent from the conduct underlying the petition. *Cutting,* 671 N.W.2d at 175. We have stressed that failure to cooperate with a disciplinary investigation, in and of itself, constitutes an act of misconduct that warrants indefinite suspension. *See In re Engel,* 538 N.W.2d 906, 907 (Minn.1995).

When an attorney is before us on a disciplinary charge for a second time, we review the discipline to be imposed in light of the earlier misconduct. *In re Getty,* 452 N.W.2d 694, 698 (Minn.1990). We generally impose more severe sanctions when the current misconduct is similar to misconduct for which the attorney has already been disciplined. *Cutting,* 671 N.W.2d at 175. Brooks's previous discipline involved misconduct similar to the current allegations, including mishandling her trust account, failing to communicate with her clients, and failing to cooperate in the disciplinary process. We conclude that more severe discipline is warranted for her repeated violations.

Brooks's neglect of her clients and failure to cooperate with the disciplinary process hurts both the clients and the legal profession as a whole. We are especially concerned that Brooks has failed to respond to the Director's requests for information for more than one year and that Brooks has failed to return the $200 filing fee for the bankruptcy she never filed. Mitigating factors can include the death of a family member. *See, e.g., In re Terrazas,* 581 N.W.2d 841, 846 (Minn.1998). But we find it difficult to consider mitigating factors in this case because Brooks has failed to provide sufficient information about the circumstances.

Although we have often disbarred attorneys for misappropriating funds because of

the critical need for public trust and confidence in the legal profession, we note that we do not have complete information of the surrounding circumstances and the amount involved here is small. Although any amount of misappropriation can be grounds for disbarment, we nevertheless do not believe that disbarment is the appropriate discipline here. It appears that Brooks has abandoned her legal practice and has not practiced law for more than a year. We have granted the Director's motion to be appointed trustee of the client files that remain at her former legal office. At oral arguments, the Director indicated that he believed that the only active files remaining at the office belonged to the two clients who filed complaints against Brooks. The extent of the harm to the two clients is unclear from the record.

The discipline that the Director recommends is consistent with discipline we have imposed in other cases. In *In re Klein*, 609 N.W.2d 230, 234 (Minn.2000), we ordered indefinite suspension for a minimum of two years where the attorney, with three prior admonitions and a six-month suspension, displayed a pattern of dishonesty and client neglect, and also committed trust account violations and failed to cooperate and participate in the disciplinary process. The referee in *Klein* found no mitigating factors. *Id.* We also ordered indefinite suspension for a minimum of two years in a case where the attorney neglected seven client matters, failed to properly maintain a client trust account, failed to communicate with clients, and failed to cooperate with the disciplinary investigation. *In re Campbell*, 603 N.W.2d 128, 131, 133 (Minn.1999).

Based on the record before us, we conclude that Brooks engaged in serious misconduct warranting discipline. Accordingly, we order that Jane E. Brooks:

1. Be indefinitely suspended from the practice of law pursuant to Rule 15(a)(2), RLPR, with no right to apply for reinstatement for a period of two years from the date of this decision;

2. Comply fully with the requirements of Rule 18, RLPR, should Brooks apply for reinstatement; and

3. Pay to the Director appropriate costs and disbursements pursuant to Rule 24, RLPR.

So ordered.