STATE OF MINNESOTA

IN SUPREME COURT

A23-0008

Original Jurisdiction

Per Curiam

In re Petition for Disciplinary Action
against Fong E. Lee, a Minnesota Attorney,
Registration No. 0387546.

Filed: February 28, 2024
Office of Appellate Courts

_____

Susan M. Humiston, Director, Timothy M. Burke, Senior Assistant Director, Office of Lawyers Professional Responsibility, Saint Paul, Minnesota, for petitioner.

Fong E. Lee, pro se, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

Absent any mitigating factors, disbarment is the appropriate discipline for an attorney who misappropriates client funds.

O P I N I O N

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility (Director) filed a petition and a supplementary petition for disciplinary action against respondent Fong E. Lee. After an evidentiary hearing, the referee found that Lee misappropriated more than $18,000 from three clients, failed to return unearned fees, failed to maintain the required trust account books, failed to communicate with clients, and failed to cooperate with the Director's investigations, among other violations. The referee found no mitigating factors. For this misconduct, the referee recommended that Lee be disbarred. We agree. Based on

1

Lee's misconduct, and the absence of any mitigating factors, we disbar Lee from the practice of law.

**FACTS**

Lee was admitted to practice law in Minnesota in 2007. Lee has been disciplined on three prior occasions. Lee was placed on private probation for 2 years in 2009, publicly reprimanded and placed on probation for 2 years in 2016, and admonished in 2020. Lee's prior discipline resulted from multiple instances of misconduct relating to his trust accounts and fee arrangements with clients.

The Director filed a petition for disciplinary action against Lee on January 3, 2023, and later filed a supplementary petition, alleging numerous violations of the Minnesota Rules of Professional Conduct involving five clients, at least three of whom are Hmong immigrants who do not speak English as their primary language. Lee filed an answer denying all misconduct. After an evidentiary hearing, the referee concluded that Lee committed the following misconduct.

Lee misappropriated funds from three clients, violating Minn. R. Prof. Conduct 1.15(a)[1] and 8.4(c).[2] Lee entered into contingency fee arrangements with those clients, in which he would receive a percentage of any settlement. On receiving the full settlement amount, however, Lee failed to give each client the full amount of their share. In total, Lee

---

[1]     *See* Minn. R. Prof. Conduct 1.15(a) ("All funds of clients or third persons held by a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts . . . .").

[2]     *See* Minn. R. Prof. Conduct 8.4(c) ("It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.").

2

misappropriated more than $18,000 in client funds. Each of the affected clients faced financial hardship because of Lee's misconduct.

Lee also failed to return unearned fees to one client, violating Minn. R. Prof. Conduct 1.15(c)(4),[3] and failed to maintain the required trust account books and records, violating Minn. R. Prof. Conduct 1.15(h).[4] Lee failed to adequately communicate with several clients, violating Minn. R. Prof. Conduct 1.4(a)(2),[5] (3),[6] and (4),[7] and 1.4(b).[8] And Lee failed to cooperate with the Director's disciplinary investigation, violating Minn. R.

---

[3]    *See* Minn. R. Prof. Conduct 1.15(c)(4) ("A lawyer shall: . . . promptly pay or deliver to the client or third person as requested the funds, securities, or other properties in the possession of the lawyer which the client or third person is entitled to receive . . . .").

[4]    *See* Minn. R. Prof. Conduct 1.15(h) ("Every lawyer engaged in private practice of law shall maintain or cause to be maintained on a current basis, books and records sufficient to demonstrate income derived from, and expenses related to, the lawyer's private practice of law . . . ."); *see also* Minn. R. Prof. Conduct Appendix 1 (describing the "books and records" required by Rule 1.15(h)).

[5]    *See* Minn. R. Prof. Conduct 1.4(a)(2) ("A lawyer shall . . . reasonably consult with the client about the means by which the client's objectives are to be accomplished . . . .").

[6]    *See* Minn. R. Prof. Conduct 1.4(a)(3) ("A lawyer shall . . . keep the client reasonably informed about the status of the matter . . . .").

[7]    *See* Minn. R. Prof. Conduct 1.4(a)(4) ("A lawyer shall . . . promptly comply with reasonable requests for information . . . .").

[8]    *See* Minn. R. Prof. Conduct 1.4(b) ("A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.").

Prof. Conduct 8.1(b)[9] and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).[10]

Lee committed numerous other disciplinary rule violations: verbal modification of a contingent fee agreement;[11] failure to provide an accounting of withdrawals from client funds upon request;[12] failure to return a client file upon request;[13] failure to deposit an advance payment for a flat fee representation into a trust account;[14] failure to deposit

---

[9] *See* Minn. R. Prof. Conduct. 8.1(b) ("[A] lawyer . . . in connection with a disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority.").

[10] *See* Rule 25, RLPR ("It shall be the duty of any lawyer who is the subject of an investigation or proceeding . . . to cooperate with . . . the Director or the Director's staff . . . by complying with reasonable requests . . . .").

[11] *See* Minn. R. Prof. Conduct 1.5(c) ("A contingent fee agreement shall be in a writing signed by the client and shall state the method by which the fee is to be determined . . . .").

[12] *See* Minn. R. Prof. Conduct 1.15(b) ("A lawyer must withdraw earned fees and any other funds belonging to the lawyer . . . from the trust account within a reasonable time after the fees have been earned . . . and the lawyer must provide the client . . . an accounting of the client's . . . funds in the trust account . . . .").

[13] *See* Minn. R. Prof. Conduct 1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled . . . .").

[14] *See* Minn. R. Prof. Conduct 1.5(b)(1) ("A lawyer may charge a flat fee for specified legal services, which . . . may be paid in whole or in part in advance of the lawyer providing the services. If agreed to in advance in a written fee agreement signed by the client, a flat fee shall be considered to be the lawyer's property upon payment of the fee . . . .").

4

unearned fees into a trust account absent a valid flat fee retainer;[15] failure to obtain the payor's signature on cash receipts;[16] and failure to provide evidence to support a client's application for adjustment of status and to file an adequately supported appeal.[17]

In addition to the misconduct described above, the referee found several aggravating factors, including Lee's prior discipline, lack of remorse, client vulnerability, and substantial experience in the practice of law.[18] The referee found no mitigating factors. The referee recommended that we disbar Lee, and the Director agrees with that recommendation. Despite an order from this court affording Lee additional time to file a brief contesting the referee's findings and recommendation, Lee failed to do so. He also failed to appear at the oral argument scheduled to hear this matter. *See* Rule 14(g), RLPR.

**ANALYSIS**

Because Lee failed to file a brief to this court, the referee's findings of fact and conclusions of law are deemed conclusive. *In re Udeani*, 945 N.W.2d 389, 396 (Minn. 2020) ("[I]f a party orders a transcript and subsequently fails to file a brief, he or she

---

[15]     *See* Minn. R. Prof. Conduct 1.15(c)(5) ("A lawyer shall: . . . except as specified in Rule 1.5(b)(1) and (2), deposit all fees received in advance of the legal services being performed into a trust account and withdraw the fees as earned.").

[16]     *See* Minn. R. Prof. Conduct 1.15(h); Minn. R. Prof. Conduct Appendix 1.

[17]     *See* Minn. R. Prof. Conduct 1.1 ("A lawyer shall provide competent representation to a client.").

[18]     The referee also found Lee's " 'fundamental lack of understanding of the [Minnesota Rules of Professional Conduct]' " to be an aggravating factor. (Quoting *In re Ulanowski*, 800 N.W.2d 785, 792 (Minn. 2011)). The Director conceded at oral argument that this is not a recognized aggravating factor, and we clarify here that we do not recognize such a lack of understanding as an aggravating factor.

has essentially failed to allege that the referee committed clear error.").  As a result, the only issue before us is the appropriate discipline for Lee.

The purpose of professional discipline "is not to punish the attorney but rather to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys." *In re Rebeau*, 787 N.W.2d 168, 173 (Minn. 2010).  And although we place "great weight" on the referee's recommendation, we retain responsibility for determining the appropriate sanction. *Id.*

To determine the appropriate discipline for an attorney, we consider four factors: (1) the nature of the misconduct, (2) the cumulative weight of the violations, (3) the harm to the public, and (4) the harm to the legal profession. *In re Kleyman*, 960 N.W.2d 566, 572 (Minn. 2021).  We also consider aggravating and mitigating circumstances. *Id.*  And although we impose discipline case by case, we look to similar cases for guidance and to ensure consistent discipline. *In re Capistrant*, 905 N.W.2d 617, 620 (Minn. 2018).

We first consider the nature of Lee's misconduct, the most serious of which was misappropriation of client funds.  Misappropriation occurs when "funds are not kept in trust and are used for a purpose other than one specified by the client." *In re Brooks*, 696 N.W.2d 84, 88 (Minn. 2005).  Misappropriation alone "usually warrants disbarment absent clear and convincing evidence of substantial mitigating factors." *In re Rhodes*, 740 N.W.2d 574, 579 (Minn. 2007) (citation omitted) (internal quotation marks omitted).  Lee misappropriated more than $18,000 from three clients.  Lee also engaged in other misconduct that warrants serious discipline.  Lee failed to return unearned fees, failed to maintain the required trust account books and records, and failed to adequately

6

communicate with his clients by continuously ignoring their requests for information. *See In re Voss*, 830 N.W.2d 867, 877 (Minn. 2013). And Lee failed to cooperate with the Director's disciplinary investigation. *See id.*; *In re Villaneuva*, 931 N.W.2d 816, 823 (Minn. 2019).

Next, we consider "the cumulative weight of all of the professional misconduct in determining the appropriate sanction." *Rhodes*, 740 N.W.2d at 580. "We distinguish between a brief lapse in judgment or a single, isolated incident and multiple instances of misconduct occurring over a substantial amount of time," the latter of which warrants greater discipline. *In re Igbanugo*, 989 N.W.2d 310, 329–30 (Minn. 2023) (citation omitted) (internal quotation marks omitted); *see In re Eskola*, 891 N.W.2d 294, 300 (Minn. 2017) (explaining that the cumulative nature of an attorney's misconduct over 2 years warranted severe discipline). Lee misappropriated funds from at least three clients and violated several rules of professional conduct over the course of more than a year, so his misconduct was neither a "brief lapse in judgment" nor a "single, isolated incident." *See In re Ulanowski*, 834 N.W.2d 697, 703 (Minn. 2013) (concluding that misconduct spanning "more than a year" was not a "brief lapse in judgment").

We also measure harm to the public based on the number of clients harmed and the extent of their injuries. *In re Coleman*, 793 N.W.2d 296, 308 (Minn. 2011). The Director named five clients whom Lee harmed through his misconduct. Most egregiously, Lee misappropriated funds from three of these clients, causing each client permanent financial harm. One client had a lien placed on her home, and another client struggled to pay for basic living expenses because of Lee's misappropriation. Lee's clients also experienced

7

emotional harm. Two of his clients testified that their experiences with him caused them great stress.

Finally, we consider harm to the legal profession. Misappropriation of client funds "is a breach of trust that reflects poorly on the entire legal profession and erodes the public's confidence in lawyers." *In re Rooney*, 709 N.W.2d 263, 270 (Minn. 2006). Failing to communicate properly with clients also harms the legal profession. *See Voss*, 830 N.W.2d at 878 (stating that failure to communicate reflects adversely on the bar and weakens public confidence in the profession). One client testified that, after her experience with Lee, she has "absolutely no more trust in lawyers."

The referee found no mitigating factors, and Lee failed to allege any, as he failed to file a brief to this court. Although the referee found several aggravating factors, we need not consider them under these circumstances. In the absence of any mitigating factors, misappropriation of client funds warrants disbarment. Accordingly, we conclude that the appropriate discipline for Lee is disbarment.

## CONCLUSION

For the foregoing reasons, respondent Fong E. Lee is disbarred from the practice of law in the State of Minnesota, effective on the date of this opinion. Respondent must comply with Rule 26, RLPR (requiring notice to clients, opposing counsel, and tribunals), and must pay $900 in costs under Rule 24(a), RLPR.

Disbarred.