**In re Petition for DISCIPLINARY ACTION AGAINST Jay Gerard SWOKOWSKI, a Minnesota Attorney, Registration No. 199710.**

No. A08–2006.

Supreme Court of Minnesota.

June 11, 2009.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition and an amended and supplemental petition for disciplinary action alleging that respondent Jay Gerard Swokowski committed professional misconduct warranting public discipline, namely, failing to cooperate with the Director's Office, failing to maintain the appropriate books and records for his lawyer trust account, neglecting to adequately communicate and to act diligently in three client matters, assisting another in the unauthorized practice of law, and improperly handling a client's retainer, in violation of Minn. R. Prof. Conduct 8.1(b), 1.15, 1.3, 1.4(a)(3) and (4), 1.15(a) and (c)(5), and 5.5(a) and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent withdraws his answers to the petitions, waives his procedural rights under Rule 14, RLPR, and admits his conduct violated the Rules of Professional Conduct. Respondent has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a 90–day suspension pursuant to Rule 15, RLPR, effective 14 days from the date of filing of this order, subject to the following terms and conditions:

a. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals);

b. Respondent shall be reinstated following the expiration of the suspension period provided that at least 15 days before the expiration of the suspension period, respondent files with the Clerk

of Appellate Courts and serves upon the Director an affidavit establishing that respondent is current with continuing legal education requirements and has fully complied with Rules 24 and 26, RLPR;

c. Upon reinstatement to the active practice of law, respondent shall be placed on supervised probation for a period of two years (commencing with the appointment of a probation supervisor), subject to the following terms and conditions:

(1) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with the probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(2) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(3) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of the probation. Within two weeks from the date of filing of this order, respondent shall provide the Director with the names of three attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor

has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files as described in paragraph (4) below. Respondent shall make active client files available to the Director upon request.

(4) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(5) Respondent shall initiate and maintain office procedures that ensure: prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in legal matters that respondent is handling; regular review by respondent of each and every file; and completion of legal matters on a timely basis.

(6) Within 30 days from the date of filing of this order, respondent shall provide the Director and the probation supervisor (once appointed) with a written plan outlining office procedures designed to ensure that respondent complies with the requirements of probation. Respondent shall provide progress reports as requested.

(7) Respondent shall maintain law office and trust account books and records

in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 to the Minnesota Rules of Professional Conduct. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliations, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days from the date of filing of the order reinstating respondent to the active practice of law and thereafter shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.

The court has independently reviewed the file and approves of the stipulated disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Jay Gerard Swokowski is suspended from the practice of law, effective 14 days from the date of filing of this order, for a period of 90 days, subject to the terms and conditions set forth above. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice