In re Petition for DISCIPLINARY ACTION AGAINST Lawrence Walter ULANOWSKI, a Minnesota Attorney, Registration No. 316015.

No. A12–0846.

Supreme Court of Minnesota.

July 31, 2013.

Martin A. Cole, Director, Timothy M. Burke, Senior Assistant Director, Office of Lawyers Professional Responsibility, Saint Paul, MN, for petitioner.

Lawrence Walter Ulanowski, Brainerd, MN, pro se.

## OPINION

### PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility ("the Director") filed a petition for disciplinary action against respondent Lawrence Walter Ulanowski, alleging that Ulanowski failed to return unearned money to two clients, to communicate with his clients, to satisfy a law-related judgment, and to cooperate with the Director's disciplinary investiga-

tion. We agree with the Director that the facts and circumstances of this case warrant disbarment.

## I.

Ulanowski has been disciplined five times since he was admitted to the practice of law in 2001. He has received four admonitions—one in April 2008, two in August 2011, and one in October 2011—for various acts of misconduct, including his failure to cooperate with the Director. On August 3, 2011, we indefinitely suspended Ulanowski with no right to petition for reinstatement for a minimum of 1 year for misrepresenting facts to a court, filing frivolous claims, violating court rules, harassing opposing counsel, improperly withdrawing as counsel, threatening criminal prosecution against a client of his firm, failing to tell a client about a settlement offer, declining to return client materials, making misrepresentations to the Director, and refusing to cooperate in the Director's investigation. *In re Ulanowski,* 800 N.W.2d 785, 788–92 (Minn.2011). Ulanowski remains suspended from the practice of law.

The current petition for disciplinary action alleges additional misconduct by Ulanowski that has not been the subject of prior discipline. In the first matter, S.M.K. agreed to pay Ulanowski a flat fee retainer of $1,200 and an additional $299 to cover filing fees in a personal bankruptcy case. S.M.K. paid Ulanowski a total of $1,449 pursuant to a payment plan. However, Ulanowski did not perform any legal services for S.M.K. One week after we suspended Ulanowski in August 2011, Ulanowski sent a letter to S.M.K. in which he notified her of his suspension and advised her to contact his office to retrieve her file and to obtain a refund of any balance that remained in Ulanowski's trust account. Following receipt of that letter, S.M.K.

attempted to contact Ulanowski multiple times through various methods—including by telephone, e-mail, and fax—but Ulanowski has neither responded to any of S.M.K.'s communications nor refunded any of her money.

In the second matter, F.P. agreed to pay Ulanowski a $1,400 flat fee retainer in installments to represent him in a bankruptcy case. As of the date of Ulanowski's suspension, F.P. had paid Ulanowski a total of $800. Like the S.M.K. matter, Ulanowski failed to perform any legal services for F.P. One week after we suspended Ulanowski, he sent a letter to F.P. in which he notified F.P. of his suspension and instructed F.P. to contact his office to obtain his file and a refund of his money. F.P. attempted to contact Ulanowski on multiple occasions to request a refund of the retainer, but Ulanowski failed to respond to any of F.P.'s communications. In September 2011, F.P. filed a conciliation court action against Ulanowski to recover the $800 he had paid to Ulanowski, plus an additional $75 for conciliation court filing fees and costs. When Ulanowski failed to appear for the hearing, the court awarded $875 to F.P. Ulanowski has failed to make any payments toward that judgment.

The final count in the petition relates to Ulanowski's refusal to cooperate with the Director's investigation into the S.M.K. and F.P. matters. S.M.K. filed a complaint against Ulanowski with the Director, and then the Director mailed a notice of investigation to Ulanowski's address of record with the Minnesota Attorney Registration System. The notice of investigation asked Ulanowski to provide a complete written response and a copy of S.M.K.'s file within 14 days. Ulanowski failed to respond to the notice of investigation. The Director mailed Ulanowski two additional letters requesting the same information as the notice of investigation. The Director mailed the third letter both to Ulanowski's address of record and to his home address. The Director received no response from Ulanowski. The post office returned the Director's two follow-up letters with the notations "RETURN TO SENDER," "REFUSED" or "UNCLAIMED," and "UNABLE TO FORWARD."

After F.P. filed a complaint with the Director, the Director mailed a notice of investigation to Ulanowski's address of record and to his home address on January 19, 2012. The notice of investigation asked Ulanowski to provide a complete written response and a copy of F.P.'s file within 14 days. The post office returned both copies of the January notice of investigation. One of the letters contained the notation "Unclaimed" and the other stated that it was "REFUSED."

Based on the foregoing facts, the petition for disciplinary action alleges that Ulanowski committed professional misconduct by failing: (1) to refund unearned client money, in violation of Rules 1.15(c)(4),[1] 1.16(d),[2] Minnesota Rules of Professional Conduct ("MRPC"); (2) to communicate with S.M.K., in violation of Rule 1.4(a)(4),[3] MRPC; (3) to satisfy the

---

1. "A lawyer shall ... promptly pay or deliver to the client or third person as requested the funds, securities, or other properties in the possession of the lawyer which the client or third person is entitled to receive...." Rule 1.15(c)(4), MRPC.

2. "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... refunding any advance payment of fees or expenses that has not been earned or incurred." MRPC 1.16(d).

3. "A lawyer shall ... promptly comply with reasonable requests for information...." Rule 1.4(a)(4), MRPC.

$875 conciliation court judgment, in violation of Rule 8.4(d),[4] MRPC; and (4) to cooperate with the Director's disciplinary investigation, in violation of Rule 8.1(b),[5] MRPC, and Rule 25,[6] Rules on Lawyers Professional Responsibility (RLPR). The Director recommends disbarment because of Ulanowski's lengthy disciplinary history and the nature of his current misconduct.

## II.

Ulanowski did not file an answer within 20 days after the Director served Ulanowski with the petition for disciplinary action. *See* Rule 13(a), RLPR ("Within 20 days after service of the petition, the respondent shall file an original and seven copies of an answer in this Court."). Upon the Director's motion, we deemed the allegations in the petition admitted. *See* Rule 13(b), RLPR ("If the respondent fails to file an answer within the time provided or any extension of time this Court may grant, the allegations shall be deemed admitted....").

▮▮▮ Once the allegations in a petition for disciplinary action are deemed admitted, the only task remaining in a disciplinary matter is to determine the appropriate sanction for an attorney's misconduct. *In re Madsen*, 526 N.W.2d 373, 374 (Minn. 1995). "The purpose of disciplinary sanctions is not to punish the attorney, but rather 'to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys.'" *In re Fairbairn*,

802 N.W.2d 734, 742 (Minn.2011) (quoting *In re Albrecht*, 779 N.W.2d 530, 540 (Minn. 2010)). When determining the appropriate sanction for misconduct, we consider four factors: "(1) the nature of the misconduct; (2) the cumulative weight of the disciplinary violations; (3) the harm to the public; and (4) the harm to the legal profession." *In re Nelson*, 733 N.W.2d 458, 463 (Minn. 2007). We impose sanctions on a case-by-case basis after considering the aggravating and mitigating circumstances present in a particular case. *In re Rebeau*, 787 N.W.2d 168, 173–74 (Minn.2010). We also look to similar cases for guidance to ensure consistent discipline. *Id.* at 174.

### Nature of the misconduct.

Ulanowski committed several acts of professional misconduct. The most serious misconduct was his refusal to return unearned funds to either S.M.K. or F.P., which the Director characterizes as "tantamount to misappropriation."

▮▮▮ "An attorney misappropriates client funds whenever the funds are not kept in trust and are used for a purpose other than one specified by the client." *In re Brooks*, 696 N.W.2d 84, 88 (Minn.2005). We consider the misappropriation of client funds to be "particularly serious misconduct [that] usually warrants disbarment absent clear and convincing evidence of substantial mitigating factors." *In re Garcia*, 792 N.W.2d 434, 443 (Minn.2010) (citation omitted) (internal quotation marks omitted).

---

**4.** "It is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice...." Rule 8.4(d), MRPC.

**5.** "[A] lawyer in connection with ... a disciplinary matter, shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority...." Rule 8.1(b), MRPC.

**6.** "It shall be the duty of any lawyer who is the subject of an investigation or proceeding under these Rules to cooperate with the District Committee, the Director, or the Director's staff, the Board, or a Panel,...." Rule 25(a), RLPR.

The typical form of misappropriation involves an attorney's failure to keep client funds in a trust account and use of those funds for an unauthorized purpose. *Brooks*, 696 N.W.2d at 88. Here, however, Ulanowski failed to cooperate with the Director's investigation or file an answer to the petition, which means that we have no record of whether Ulanowski kept S.M.K.'s or F.P.'s funds in his trust account or used the funds from either client for an unauthorized purpose. The record reveals only that Ulanowski failed to return unearned client funds even though he promised his clients he would do so.

■ We held in *In re Lundeen*, which also involved an attorney who failed to cooperate with the Director's investigation, that we may conclude that the attorney has misappropriated client funds when the attorney "perform[s] no work on [a client's file] and never return[s] the funds to the clients." 811 N.W.2d 602, 608 (Minn.2012); *see also In re Voss*, 830 N.W.2d 867, 879 (Minn.2013) (applying *Lundeen* ). This case is identical in all material respects to *Lundeen*.[7] Like the attorney in *Lundeen*, Ulanowski has failed to cooperate with the Director's investigation and to file an answer to the petition. Therefore, we determine that, "[u]nder the admitted facts,"

Ulanowski "misappropriated funds belonging to [S.M.K. and F.P.] by performing no work on their matters and never returning the funds to the clients." *Lundeen*, 811 N.W.2d at 608. By misappropriating funds belonging to S.M.K. and F.P., Ulanowski violated Rules 1.15(c)(4) and 1.16(d), MRPC.[8]

■ Ulanowski also engaged in other misconduct. Ulanowski repeatedly violated Rule 1.4(a)(4), MRPC, by failing to respond to numerous communications from S.M.K. In addition, Ulanowski violated Rule 8.1(b), MRPC, and Rule 25(a), RLPR, by refusing to cooperate with the Director's investigation. *See In re Fru*, 829 N.W.2d 379, 389 (Minn.2013) (characterizing noncooperation with the Director's investigation as a "serious violation"). Finally, Ulanowski's failure to pay the $875 conciliation court judgment entered against him violated Rule 8.4(d), MRPC. *See, e.g., In re Swokowski*, 796 N.W.2d 317, 326 (Minn.2011) (noting that the failure to pay a professionally incurred debt constitutes conduct that is prejudicial to the administration of justice).

*Cumulative weight of the violations.*

■ In determining the appropriate sanction, we also consider the cumulative

---

7. To be sure, Ulanowski could not perform any legal work for S.M.K. or F.P. after we suspended him from the practice of law on August 3, 2011. That fact, however, does not excuse Ulanowski's failure to cooperate in the disciplinary investigation, to file an answer to the petition, or to return unearned client funds—the key facts that drove our decision in *Lundeen*.

8. We have held that "the amount of the misappropriation is an appropriate consideration in determining sanctions." *In re Grzybek*, 567 N.W.2d 259, 264 n. 1 (Minn.1997). In this case, Ulanowski misappropriated a total of $2,249 from two clients. Even though the total amount of money misappropriated in this case is not as large as the amounts in

some of our prior cases, we have disbarred attorneys for misappropriating lesser amounts of money when an attorney also has committed other misconduct. *See, e.g., In re Swokowski*, 796 N.W.2d 317, 320–23 (Minn.2011) (disbarring an attorney for misappropriating $1,000, forging a client's signature, failing to pay a law-related debt, neglecting his clients, refusing to return client property or retainer fees, and failing to cooperate in the disciplinary investigation); *In re Day*, 710 N.W.2d 789, 793–94 (Minn.2006) (disbarring an attorney for misappropriating $500, practicing law while suspended, disregarding court orders, refusing to return client files, and failing to cooperate in the disciplinary process).

weight of the violations. "[T]he cumulative weight and severity of multiple disciplinary rule violations may compel severe discipline even when a single act standing alone would not have warranted such discipline." *In re Oberhauser*, 679 N.W.2d 153, 160 (Minn.2004). In assessing the cumulative weight of the violations, we distinguish "a brief lapse in judgment or a single, isolated incident" of misconduct from multiple instances of misconduct "occurring over a substantial amount of time." *Fairbairn*, 802 N.W.2d at 743 (citation omitted) (internal quotation marks omitted). In this case, Ulanowski committed multiple, ongoing acts of misconduct that spanned more than a year and violated numerous rules of professional conduct. Ulanowski's cumulative misconduct, therefore, does not constitute a "brief lapse in judgment or a single, isolated incident." *Id.* (citation omitted) (internal quotation marks omitted).

*Harm to the public and the legal profession.*

■■■ In assessing the harm to the public and the legal profession, we consider "the number of clients harmed and the extent of the clients' injuries." *In re Coleman*, 793 N.W.2d 296, 308 (Minn.2011) (citation omitted) (internal quotation marks omitted). Here, Ulanowski's extensive misconduct harmed both S.M.K. and F.P. For example, F.P. filed a conciliation court action in order to recover the money to which he was legally entitled, resulting in direct financial harm to F.P. and the unnecessary expenditure of judicial time and resources. In addition, Ulanowski's failure to respond to S.M.K.'s numerous attempts to contact him was "intensely frustrating to [S.M.K.], reflects adversely on the bar, and [was] destructive of public confidence in the legal profession." *In re Redburn*, 746 N.W.2d 330, 338 (Minn.2008) (citation

omitted) (internal quotation marks omitted).

Moreover, Ulanowski's misconduct harmed the public and the legal profession more generally. As we have recognized, "[m]isappropriation of client funds, by its very nature, harms ... the public at large, the legal profession, and the administration of justice." *In re Ruttger*, 566 N.W.2d 327, 331 (Minn.1997). That is because the misuse of funds "entrusted to an attorney as a fiduciary for his clients is a breach of trust that reflects poorly on the entire legal profession and erodes the public's confidence in lawyers." *In re Rooney*, 709 N.W.2d 263, 270 (Minn.2006).

Similarly, Ulanowski's continued disregard of the conciliation court judgment entered against him prejudices the administration of justice and demonstrates a disregard for the rule of law. *See Swokowski*, 796 N.W.2d at 326 (stating that the failure to pay a professionally incurred debt is conduct that is prejudicial to the administration of justice). Ulanowski's failure to cooperate with the disciplinary investigation also harmed the legal profession by undermining the integrity of the attorney disciplinary system. *In re Letourneau*, 792 N.W.2d 444, 453 (Minn. 2011).

*Presence of aggravating and mitigating factors.*

■■■ Finally, we consider and weigh any aggravating or mitigating factors to determine the appropriate sanction. Misappropriation of client funds "usually warrants disbarment absent clear and convincing evidence of substantial mitigating factors." *Swokowski*, 796 N.W.2d at 326 (citation omitted) (internal quotation marks omitted). "It is up to the attorney to allege and prove mitigating circumstances," so Ulanowski's failure to file an answer to the petition means that there are no mitigating factors for us to consider

in imposing discipline. *Lundeen,* 811 N.W.2d at 608 n. 3.

The admitted petition, however, contains facts that establish the presence of at least three aggravating factors in this case. First, much of the misconduct occurred while Ulanowski was suspended from the practice of law, which we have recognized as an aggravating factor. *See, e.g., Redburn,* 746 N.W.2d at 337; *In re Westby,* 639 N.W.2d 358, 368–71 (Minn.2002). An attorney who commits professional misconduct while suspended "continue[s] to present a risk to the public" by failing to show "a renewed commitment to the ethical practice of law." *Redburn,* 746 N.W.2d at 337, 339 (citation omitted) (internal quotation marks omitted). We therefore conclude that Ulanowski's misconduct while suspended from the practice of law constitutes an aggravating factor.

■ Second, Ulanowski's prior disciplinary history is an aggravating factor. *See Lundeen,* 811 N.W.2d at 609. Since April 2008, Ulanowski has been admonished four times for professional misconduct. On August 3, 2011, we indefinitely suspended Ulanowski from the practice of law with no right to petition for reinstatement for a minimum of 1 year for the violation of 12 different rules. *Ulanowski,* 800 N.W.2d at 799, 804. He has violated some of the same rules in this case that he violated in his prior discipline cases. "[W]e generally impose more severe sanctions when the current misconduct is similar to the misconduct for which an attorney has already been disciplined." *Lundeen,* 811 N.W.2d at 609. Here, Ulanowski's prior disciplinary history and recurrent violations of Rules 1.15(c)(4) and 8.1(b), MRPC, and Rule 25, RLPR, based upon his failure to cooperate with the disciplinary investigation and to return client materials, aggravates his misconduct.

Third, we have considered client vulnerability an aggravating factor when an attorney misappropriates client funds. *See In re Swerine,* 513 N.W.2d 463, 467 (Minn. 1994). S.M.K. and F.P. were financially vulnerable, which is reflected by the fact that both clients hired Ulanowski to represent them in filing bankruptcy petitions. When F.P. filed a claim in conciliation court to recover the funds owed to him, he incurred an additional financial burden when he paid the filing fee. And because Ulanowski has yet to return the misappropriated money to S.M.K. or F.P., the financial harm to both clients is ongoing. *See In re Grzybek,* 567 N.W.2d 259, 265 (Minn. 1997) (observing that the attorney's misappropriation of $750 in client funds and subsequent failure to make any effort to return the money constituted an independent ground upon which the attorney could be disbarred).

■ For the foregoing reasons, we conclude that the appropriate sanction for Ulanowski's misconduct is disbarment, particularly in light of Ulanowski's misappropriation of client funds, the fact that he committed new misconduct while he was suspended, his lengthy disciplinary history, and his refusal to participate in the disciplinary process. *See, e.g., Swokowski,* 796 N.W.2d at 320–24 (disbarring an attorney for misappropriating $1,000, failing to pay a law-related debt, neglecting his clients, refusing to return client property or retainer fees, and failing to cooperate in the disciplinary investigation); *Redburn,* 746 N.W.2d at 338 (disbarring an attorney who "neglected several client matters, failed to communicate with a number of clients, failed to refund or account for $3,000 in unearned retainer fees, failed to cooperate with the disciplinary process, and has a prior history of misconduct similar to his current misconduct").

Accordingly, we order that:

1. Respondent Lawrence Walter Ulanowski is disbarred from the practice of law in the State of Minnesota, effective upon the date of filing of this opinion;

2. Ulanowski shall comply with Rule 26, RLPR (requiring notice of disbarment to clients, opposing counsel, and tribunals); and

3. Ulanowski shall pay $900 in costs pursuant to Rule 24, RLPR.

LILLEHAUG, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.